**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE BERRY,** | ) | **CASE NO. 1:20-CV-01453-SL** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **BRICKLAYERS AFL-CIO** | ) | **KATHLEEN B. BURKE** |
| **LOCAL UNION 5,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Now comes defendant Bricklayers AFL-CIO, Local Union 5 ("Local 5"), by and through

counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and moves this

Honorable Court for an order dismissing plaintiff's first amended complaint (Doc. 10) for lack of

subject matter jurisdiction and for failure to state a claim for the reasons that:

1. Counts I and II fail to plead facts establishing that Local 5 is liable as a "labor organization" pursuant to Title VII;

2. The Court lacks subject matter jurisdiction over Count V because plaintiff fails to plead facts sufficient to establish the "commerce" element necessary for subject matter jurisdiction and to state a claim pursuant to the Equal Pay Act;

3. Count V fails to sufficiently allege willful violations of the Equal Pay Act and is barred by the two-year statute of limitations set forth in 29 U.S.C. §255(a);

4. Counts III and IV fail to plead facts establishing that Local 5 is liable as a "labor organization" under Ohio law; and

5. Count VI for intentional infliction of emotional distress merely alleges garden variety employment discrimination which is insufficient to state a claim under Ohio law.

Should the Court find that plaintiff's federal claims fail to state a claim, the Court may decline to

exercise supplemental jurisdiction over plaintiff's state law claims because there is no

independent basis for federal jurisdiction.

A memorandum in support of this motion is attached.

Respectfully submitted,

GOLDSTEIN GRAGEL LLC

/s/ Richard L. Stoper, Jr.
Joyce Goldstein, Esq. (OH #0029467)
*jgoldstein@ggcounsel.com*
Richard L. Stoper, Jr. (OH #0015208)
*rstoper@ggcounsel.com*
1111 Superior Avenue E., Suite 620
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559 (fax)

Attorneys for Defendant Bricklayers AFL-
CIO Local Union 5

2

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**STATEMENT OF THE CASE**

On July 1, 2020, plaintiff Jaqueline Berry filed a complaint against Bricklayers Local Union 5 AFL-CIO ("Local 5" or "Union"), alleging claims pursuant to Title VII, the Equal Pay Act ("EPA"), and state law. (Complaint, Doc. 1). In a conclusory manner and without alleging sufficient facts, plaintiff alleged that Local 5 was her "employer" pursuant to Title VII and Ohio law, and that Local 5 discriminated against her based on her gender by paying her unequal wages and terminating her employment. Plaintiff also alleged that Local 5 retaliated against her by terminating her employment after she complained about her wages.

On August 18, 2020, Local 5 filed Defendant's Motion to Dismiss Complaint, or, In the Alternative, for Summary Judgment. (Motion, Doc. 5). The motion established that Local 5 was not an "employer" pursuant to Title VII or state law, because both Title VII and state law define "employer" to mean an entity employing at least fifteen employees (Title VII) or four employees (Ohio law), and Local 5 never had more than two employees. (Id. 4-9, 11-13, PageID# 38-43, 45-47). The motion also established that plaintiff's Equal Pay Act claim was barred by the two-year statute of limitations (id. at 9-11, PageID# 43-45), and that plaintiff's claim for intentional infliction of emotional distress failed to state a claim (id. at 13-14, PageID# 47-48).

Plaintiff, rather than defend the complaint, filed a first amended complaint. (First Amended Complaint ("FAC"), Doc. 10). The FAC removed the allegations that Local 5 was plaintiff's employer (Complaint ¶¶50, 65, Doc. 1), and replaced them with allegations that Local 5 was "a labor organization as defined by Title VII" (FAC ¶51, Doc. 10) and "a labor

organization as defined by R.C. §4112.01(A)(4)" (id. ¶66, Doc. 10).[1]

Plaintiff cannot use the provisions for "labor organization" liability under Title VII and Ohio law to avoid the statutory requirements that limit employer liability to those employers that employ a minimum number of employees. Nor can plaintiff assert a claim against Local 5 as a "labor organization" because plaintiff has not alleged that she is a member or applicant. Therefore, plaintiff's federal and state discrimination and retaliation claims fail to state a claim.

This Court lacks jurisdiction over plaintiff's Equal Pay Act claim because plaintiff fails to allege facts establishing that she was covered by the Equal Pay Act. In addition, plaintiff fails to allege facts sufficient to demonstrate that Local 5's conduct was willful, as required in order to extend the statute of limitations to three years. In the absence of sufficient allegations of willfulness, a two-year period applies, and plaintiff's claims are time-barred.

Plaintiff's state law claims should be dismissed for lack of merit. Plaintiff has abandoned her claim that Local 5 is liable as an "employer" under Ohio law, and plaintiff's garden variety discrimination claim is insufficient as a matter of law to state a claim for intentional infliction of emotional distress.  Alternatively, the Court should decline to exercise supplemental jurisdiction over the state claims after dismissal of the federal claims.

## ARGUMENT

## STANDARD OF REVIEW

The U.S. Supreme Court has held that "the factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level.' *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, 'Rule 8(a)(2) still requires a 'showing,' rather than a

---

[1] Immediately after filing the FAC, plaintiff filed an opposition brief of three sentences asserting that the FAC "renders the majority, if not all of Defendant's arguments in its briefing moot." (Brief, Doc. 11). Plaintiff argued that, "[i]n particular, Defendant was named as an 'employer', when it appears it should have been named as a 'labor organization.'" (Id.).

blanket assertion, of entitlement to relief.'" *Theiss v. Burger King Rest.*, No. 5:11CV0787, 2011 WL 2971099, at *1 (N.D. Ohio July 20, 2011).  Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Pleadings offering mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ferris v. Univ. of Cincinnati Med. Ctr., LLC*, No. 1:14-CV-52, 2014 WL 3573627, at *2 (S.D. Ohio July 21, 2014).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Theiss*, 2011 WL 2971099, at *1. A complaint that fails to allege a plausible claim should not be permitted to proceed to discovery because *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "expressly forbids allowing a plaintiff to engage in discovery so as to find facts sufficient to draft a complaint showing entitlement to relief." *Id*. at *3.

I.      COUNT I FAILS TO STATE A CLAIM BECAUSE PLAINTIFF DOES NOT ALLEGE THAT LOCAL 5 IS HER "EMPLOYER" AS DEFINED BY TITLE VII, NOR DOES SHE ALLEGE THAT SHE IS A MEMBER OF LOCAL 5 AS REQUIRED TO STATE A CLAIM AGAINST LOCAL 5 AS A "LABOR ORGANIZATION."

In Count I, plaintiff purports to allege a Title VII discrimination claim against Local 5 as a "labor organization." (FAC, PageID# 87). Plaintiff removed from the complaint the allegation that Local 5 is an "employer" (Complaint ¶50, Doc. 1), and replaced it with an allegation that Local 5 "is a labor organization as defined by Title VII" (FAC ¶51, Doc. 10). Plaintiff's Title VII claim fails for at least two reasons.

First, an employee of a labor organization who seeks to bring a discrimination claim against the labor organization as an "employer" is required to plead that the labor organization is an "employer" as defined in Title VII. Plaintiff's FAC abandoned her claim that Local 5 is liable

as an employer. And since the FAC does not allege that plaintiff was a member of Local 5, or any other basis for "labor organization" liability, Count I should be dismissed.

"Title VII contains separate anti-discrimination provisions for employers and labor organizations." *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1150 (10th Cir. 2002).

> [T]hese subsections refer to discrimination in two different types of relationships. Section 2000e–2(a) outlaws discrimination by an employer in the employer-employee relationship, while section 2000e–2(c) outlaws discrimination by a labor organization in the union-member relationship. . . . There is no indication that a labor organization that is sued by an employee alleging discrimination in the employment relationship should be treated any differently than any other employer. We therefore conclude that the Union must meet the statutory definition of employer in order for there to be jurisdiction over Ferroni's discrimination claim, which concerns only the employer-employee relationship.

*Id.* at 1151. *See Kern v. City of Rochester*, 93 F.3d 38, 46 (2d Cir. 1996) ("when a plaintiff brings a Title VII action against a union in its capacity as an employer, the plaintiff must demonstrate that the union meets the Title VII definition of 'employer'"); *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996). ("a labor organization with fewer than fifteen employees cannot be sued as an employer for discrimination under Title VII of the 1964 Civil Rights Act"); *Chavero v. Local 241, Div. of the Amalgamated Transit Union*, 787 F.2d 1154, 1155 n. 1 (7th Cir. 1986) (where "a plaintiff attempts to hold the union liable in its employer capacity, it must fall under that definition, *see* 42 U.S.C. § 2000e(b), just as any other employer").

Plaintiff cannot evade the "employer" requirement of Title VII by suing Local 5 as a "labor organization." Accordingly, since plaintiff alleges that Local 5 is a "labor organization," not an "employer," Count I fails to state a claim against Local 5.

Second, while Title VII does prohibit labor organizations from discriminating against *members*, plaintiff does not allege that she was a member of Local 5. 42 U.S.C. § 2000e-2(c)

provides that "[i]t shall be an unlawful employment practice for a labor organization"

> (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; (2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or (3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

*See Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996) ("we find that § 703(c)'s mandate that a labor organization may not 'otherwise discriminate' applies only to a labor union in its role as a labor union and not as an employer").

Plaintiff fails to state a claim pursuant to 42 U.S.C. §2000e-2(c) because plaintiff has not alleged that she is a "member" of Local 5. Accordingly, Count I fails to state a claim.[2]

II.   COUNT II FAILS TO STATE A CLAIM FOR RETALIATION BECAUSE PLAINTIFF FAILS TO ALLEGE THAT LOCAL 5 IS AN "EMPLOYER" AS DEFINED BY TITLE VII, AND HAS NOT ALLEGED THAT PLAINTIFF WAS A MEMBER OR APPLICANT FOR MEMBERSHIP IN LOCAL 5.

The FAC does not allege that Local 5 was plaintiff's "employer," nor does it allege that plaintiff was a member or applicant for membership in Local 5. The anti-retaliation provision of Title VII only applies to actions by a statutory employer, or, as to labor organizations, actions that discriminate against members or applicants for membership.

42 U.S.C.A. § 2000e-3(a) provides:

> It shall be an unlawful employment practice for *an employer* to discriminate against any of his employees or applicants for employment, for an employment

---

[2] Plaintiff, by amending the complaint to remove the allegation that Local 5 was her "employer" for purposes of Title VII and Ohio law, conceded that she cannot establish that Local 5 was an "employer" pursuant to Title VII and Ohio Revised Code Chapter 4112. Instead, plaintiff has elected to proceed against Local 5 solely as a "labor organization." In the event that the FAC could somehow be construed as asserting a claim against Local 5 as an "employer," Local 5 incorporates herein by reference the arguments and evidence submitted with its previously filed motion to dismiss, or, in the alternative, for summary judgment. (Doc. 5).

agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or *for a labor organization to discriminate against any member thereof or applicant for membership*, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

(Emphasis added).

In *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1152–53 (10th Cir. 2002), the court held that a Title VII retaliation claim cannot be brought against a labor organization by one of its employees without the plaintiff establishing that the labor organization is an "employer" as defined by Title VII. Title VII's retaliation provision "distinguishes between employers and labor organizations. However, this distinction simply parallels the anti-discrimination provision's distinction between two types of relationship—that between employer and employee, and that between union and member." *Id*. at 1152. Because the complaint alleged retaliation against the plaintiff as an employee, rather than a member, the Court found that the complaint failed to state a Title VII retaliation claim.

In this case, plaintiff has abandoned her claim that Local 5 is a Title VII "employer," and fails to allege that she was a member in or applicant to Local 5. Accordingly, Count II fails to state a claim for retaliation.

    III.    PLAINTIFF'S EQUAL PAY ACT CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF FAILED TO ALLEGE FACTS ESTABLISHIIING THAT SHE IS COVERED BY THE ACT.

The Court lacks subject matter jurisdiction over Count V, plaintiff's Equal Pay Act claim, because plaintiff failed to allege facts establishing coverage under the Act. "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). "A Rule 12(b)(1) motion to dismiss for lack of

6

subject matter jurisdiction may involve a 'facial' attack or a 'factual' attack." *Ladd v. Jamie Rose Klements DVM, LLC*, No. 1:19CV635 (WOB), 2019 WL 6841548, at *1 (S.D. Ohio Dec. 16, 2019). "A facial attack 'questions merely the sufficiency of the pleading,' and the Court accepts as true the complaint's factual allegations." *Id.*

An employee is covered by the Act "only if he can show that he is covered under the FLSA, either through 'enterprise coverage' or 'individual coverage.'" *Cabrera v. RPE Painting LLC*, No. 1:18-CV-52, 2019 WL 2641150, at *2 (W.D. Mich. June 27, 2019).

> To establish that an employer is an "enterprise engaged in interstate commerce," 29 U.S.C. §207(a)(1), an employee must show that the employer "has employees engaged in commerce or in the production of goods for commerce, or that [it] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and "whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. §203(s)(1). "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. §203(b).

*Id.* In *Cabrera*, the court found that the employee, a painter working for a painting company, failed to allege enterprise coverage pursuant to *Twombly* because he alleged no facts regarding how his employer engaged in commerce.

"In order to allege individual coverage, a plaintiff must allege that 'he is '(1) engaged in commerce or (2) engaged in the production of goods for commerce.'" *Id*. at *3. The court found that "Cabrera provides nothing more than labels and conclusions regarding individual coverage," and that painting "is not inherently an activity that is in, or part of, commerce." *Id.* Accordingly, the court dismissed Cabrera's claims.

Similarly, in *Ladd v. Jamie Rose Klements DVM, LLC*, No. 1:19CV635 (WOB), 2019 WL 6841548, at *3 (S.D. Ohio Dec. 16, 2019), the court found that a plaintiff who worked in a veterinary office failed to allege individual coverage. The court found that "plaintiff alleges no

7

facts to support his bare legal assertion. That is, he alleges no facts to state a plausible claim that, as an employee at an Ohio veterinary practice, he was engaged in 'commerce' or in 'the production of goods for commerce.'" *Id*. The court noted that legal conclusions are not accepted as true and that "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id*. "Because plaintiff alleges not a single fact to support a plausible claim that connects his employment duties with defendant to interstate commerce, the Court concludes that this claim must also be dismissed." *Id*.[3]

Count V does not allege either individual or enterprise coverage, and alleges no facts from which the Court could make a plausible inference of coverage. "Section 203(s) was inserted into the Act to exempt small businesses from the scope of the provisions of the FLSA." *Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 803 (N.D. Ohio 1996). A local union office with two employees should not be deemed covered by the Act without sufficient allegations of coverage. Accordingly, Count V should be dismissed.

## IV.  PLAINTIFF'S EQUAL PAY ACT CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

Count V purports to allege a claim pursuant to the Equal Pay Act because plaintiff believes that Local 5 "retaliated against Berry by terminating her employment and ending a lease agreement with Local 36 in an effort to damage her employment relationship." (FAC ¶86, Doc. 10). This claim is barred by the statute of limitations.

"Under a Rule 12(b)(6) motion to dismiss, the Court shall dismiss a claim if the complaint shows conclusively on its face that the action is indeed time-barred." *City of Cuyahoga Falls v. Johnson Controls, Inc*., No. 5:18-CV-1130, 2019 WL 1116006, at *3 (N.D.

---

[3] Many other courts have dismissed FLSA and Equal Pay Act cases which fail to allege facts that allow a plausible inference of coverage. *See Perez v. Muab, Inc.*, No. 10-62441-CIV-COHN, 2011 WL 845818 (S.D. Fla. Mar. 7, 2011); *Rushton v. Eye Consultants of Bonita Springs*, No. 2:10-CV-357-FTM-29, 2011 WL 2601245, at *2 (M.D. Fla. June 30, 2011).

8

Ohio Mar. 11, 2019).

The applicable statute of limitations, 29 U.S.C. § 255(a), provides that an Equal Pay Act claim "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."

A.     Count V Is Barred By the Two-Year Statute of Limitations.

The latest plaintiff's claim could have accrued was when she was terminated on August 9, 2017. (FAC ¶32, Doc. 10). However, the complaint was not filed until July 1, 2020, more than two years later.[4] Accordingly, applying the two-year limitation, Count V is time-barred.[5]

B.     Count V Fails to State a Claim for a Willful Violation of the EPA.

Plaintiff attempts to extend the limitations period to three years by making the conclusory allegation that "Local 5's violations of the Equal Pay Act were willful." (FAC ¶89, Doc. 10). However, this conclusory allegation is insufficient to state a claim for a willful violation pursuant to the standards set forth in *Twombly* and *Iqbal*, and, thereby trigger the three-year period,.

Courts in this district have applied *Twombly* and *Iqbal* to dismiss claims which fail to set forth facts sufficient to plausibly infer willfulness. In *Scheck v. Maxim Healthcare Servs., Inc.*, 333 F. Supp. 3d 751 (N.D. Ohio 2018), the district court found that a conclusory allegation of willfulness was insufficient. The court set forth the applicable legal standard as follows:

---

[4] Plaintiff also alleges that Local 5 retaliated against her by terminating a lease agreement with Tile Layers Local 36. (FAC ¶86, Doc. 10). Although plaintiff does not allege that Tile Layers 36 was a Title VII "employer," or that she was discharged by Local 36 or suffered any cognizable damage due to the alleged lease termination, this claim is also barred by the statute of limitations. The alleged retaliation occurred on January 19, 2018 (id. ¶44, Doc. 10), more than two years prior to the filing of the complaint.

[5] That plaintiff filed an administrative claim with the EEOC does not affect the statute of limitations. A plaintiff does not need to exhaust administrative remedies in order to bring an Equal Pay Act claim. "[A] plaintiff cannot defer filing such [Equal Pay Act] claims until she has finished exhausting related claims under Title VII," because Equal Pay Act claims must be brought within two years. *McGuirk v. Swiss Re Fin. Servs., Corp.*, No. 14 CIV. 9516 (CM), 2016 WL 10683305, at *10 (S.D.N.Y. June 17, 2016), *aff'd*, 699 F. App'x 55 (2d Cir. 2017).

> For an FLSA violation to be considered willful, a plaintiff must show "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988). Noncompliance with the FLSA that is merely negligent, even if unreasonable, is not considered willful. *Id.* at 135 n. 13. Indeed, allegations of willfulness "must be far stronger" than a mere allegation that a defendant "knew or had reason to know" of its alleged FLSA violations.

*Id.* at 758. The plaintiff had alleged that the defendant "was aware" of its obligation to pay overtime, "did not act in good faith or reliance upon any" legal authority in failing to pay overtime, and acted "willfully." *Id.*

The court found that the plaintiff's allegations were insufficient because "none of these statements rise above rote and conclusory legal allegations, or amount to 'facts' about the defendant's mental state." *Id.* at 758-759. "Because Plaintiff has pled nothing more than conclusory assertions about Maxim's willfulness, and because Plaintiff has failed to plead any state-of-mind allegations that are plausible on their face, the Complaint's allegations of willfulness are insufficient to meet the *Iqbal/Twombly* pleading standard." *Id.* at 759.

Similarly, in *Stout v. FedEx Ground Package Sys., Inc.*, No. 3:14-CV-02169, 2015 WL 7259795 (N.D. Ohio Nov. 17, 2015), the district court found the allegations of willfulness insufficient, and that plaintiffs' claims were barred by the statute of limitation.

> [T]he Plaintiffs' allegations of willfulness are no more than legal conclusions. The Plaintiffs allege only that (1) they were employees, (2) FedEx knew the FLSA requires it to determine whether the Plaintiffs were employees or independent contractors, (3) FedEx classified the Plaintiffs as independent contractors, and (4) FedEx did so willfully. The First Amended Complaint does not contain any factual allegations about FedEx's mental state which could support a plausible inference of willfulness.

*Id.* at *4. The court found the allegation that "FedEx 'was aware of its requirements under the FLSA'" and had previously been sued was insufficient "because it seeks to apply a negligence standard plainly rejected by the Supreme Court in" *McLaughlin v. Richland Shoe Co.*, 486 U.S.

10

128, 133 (1988). *Id.* at *5.[6] Courts in other jurisdictions have reached the same conclusion.[7]

Plaintiff's allegations do not meet the *Twombly/Iqbal* standard. The FAC simply alleges that Local 5 "knew" that terminating Berry's employment was a violation of the EPA and "acted with reckless disregard to compliance with the" EPA. (FAC ¶¶ 87-88, Doc. 10). And Paragraph 89 simply alleges that "Local 5's violations of the Equal Pay Act were willful." (Id., ¶ 89). These are the bare bones rote allegations that courts have found insufficient to survive a Rule 12(b)(6) motion. Non-willful violations are not enough.[8]

The gist of plaintiff's claim is that she was hired as "an office secretary" (FAC ¶9, Doc. 10), but that she should have been paid as much as "Dennis Rahe, the financial secretary of Local 5." (Id. ¶12). While Local 5 denies any violation of the EPA, plaintiff alleges no facts sufficient to establish that the Union acted willfully by paying an office secretary less than the

---

[6] The court in *Stout* cited the Sixth Circuit's decision in *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496 (6th Cir. 2014) which affirmed a district court's dismissal of an FMLA claim for willful interference, applying the *Twombly/Iqbal* standard. Like the EPA, the FMLA provides a two-year statute of limitations, but extends the period to three years for willful violations. 29 U.S.C. § 2617(c). The Sixth Circuit found that "after the Supreme Court's decisions in *Iqbal* and *Twombly,* a plaintiff must do more than make the conclusory assertion that a defendant acted willfully. The Supreme Court specifically addressed state-of-mind pleading in *Iqbal,* and explained that Rule 9(b) - which allows a plaintiff to plead '[m]alice, intent, knowledge, and other conditions of a person's mind ... generally'—does not give a plaintiff license to 'plead the bare elements of his cause of action ... and expect his complaint to survive a motion to dismiss.'" *Id*. at 498. The Sixth Circuit found that the plaintiff's theory of the case, "while not outside of the realm of the possible, is not supported by enough facts so as to make it plausible as required by *Iqbal* and *Twombly*." *Id.* at 499. *See Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (allegation of willfulness insufficient where not supported by facts); *Roller v. Brennan*, No. 2:17-CV-241, 2018 WL 4405834, at *4 (S.D. Ohio Sept. 17, 2018) (claim dismissed as time-barred due to insufficient allegations of willfulness to extend limitation period*); Hensler v. Quality Temp. Servs., Inc.*, No. 16-CV-11210, 2016 WL 3137820, at *3 (E.D. Mich. June 6, 2016) (dismissing claim as untimely due to insufficient allegations of willfulness where supervisor told plaintiff "your diabetes is your problem").

[7] *See Jelks v. Newark Cmty. Healthcare Ctr.*, No. CIV.A. 13-886 JLL, 2013 WL 3821559, at *3-4 (D.N.J. July 23, 2013) (allegations of willfulness insufficient and speculative under *Twombly/Iqbal*); *Robinson v. Ctr. for Disease Control & Prevention*, No. CIV. L-07-2102, 2008 WL 8987439, at *3-4 (D. Md. Sept. 25, 2008) (allegations of willfulness conclusory and insufficient to raise a plausible claim of willfulness).

[8] In *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988), the Supreme Court found that Congress "adopted a two-tiered statute of limitations" because "Congress intended to draw a significant distinction between ordinary violations and willful violations." *Id.* at 132. The Court rejected a standard of willfulness that "merely requires that an employer knew that the FLSA 'was in the picture,'" because such a standard "virtually obliterates any distinction between willful and nonwillful violations," such that "the normal 2-year statute of limitations would seem to apply only to ignorant employers, surely not a state of affairs intended by Congress." *Id.* at 132-133. The Court emphasized that conduct was not willful if it was "merely negligent." *Id.* at 133.

11

financial secretary of Local 5, an officer of the Union. Further, when plaintiff complained about her pay, Local 5 did not immediately terminate her, but instead referred the matter to counsel who responded to plaintiff. (Id. ¶¶ 30, 32). These facts are insufficient to give rise to a plausible inference that Local 5 acted willfully with respect to the violations alleged by the plaintiff. Accordingly, the two-year limitation period applies, and Count V should be dismissed.

V.     PLAINTIFF'S STATE DISCRIMINATION AND RETALIATION CLAIMS FAIL TO STATE A CLAIM AGAINST LOCAL 5 AS A LABOR ORGANIZATION.

Plaintiff's original complaint alleged state claims in Counts III and IV against Local 5 as her "employer." (Complaint ¶65, Doc. 1). As Local 5 established in its prior motion, plaintiff failed to allege facts establishing that Local 5 was an "employer" pursuant to Ohio Rev. Code. §4112.01(A)(2), defining an "employer" as a "person employing four or more persons." (Motion at 11-13, Doc. 5, PageID# 45-47). Uncontradicted evidence submitted with Local 5's motion established that that Local 5 had, at most, two employees. (Id.).

Plaintiff, realizing that Local 5 is not an "employer" under Ohio law, has now amended her state claims to allege that Local 5 is not her employer, but is "a labor organization as defined by R.C. §4112.01(A)(4)." (FAC ¶66, Doc. 10). However, despite now pursuing Local 5 as a "labor organization," plaintiff alleges in Count III that Local 5's conduct was a violation of Ohio Rev. Code §4112.02(A) (FAC ¶72, Doc. 10), which only applies to "employers."[9] Since plaintiff now admits that Local 5 is not an "employer," Count III should be dismissed.

---

[9] The statute provides that "[i]t shall be an unlawful discriminatory practice:

> (A) For any *employer*, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

(Emphasis added).

Count IV, alleging retaliation under Ohio law, also fails to state a claim. Ohio Rev. Code §§ 4112.02(I) provides that "[i]t shall be an unlawful discriminatory practice"

> (I)      For any person to discriminate in any manner against any other person because that person has opposed *any unlawful discriminatory practice defined in this section* or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.02 to 4112.07 of the Revised Code

(Emphasis added). An "unlawful discriminatory practice" is "any act prohibited by section 4112.02, 4112.021, or 4112.022 of the Revised Code." Ohio Rev. Code §4112.01(A)(8).

The FAC does not allege an "unlawful discriminatory practice" or "any act prohibited by section 4112.02, 4112.021, or 4112.022 of the Revised Code." Accordingly, the FAC fails to state a claim for retaliation under Ohio law.

Finally, plaintiff does not allege a violation of Ohio Rev. Code §4112.02(C) which prohibits labor organizations from discriminating against members.[10] Plaintiff does not allege that she was a member, or applied for membership, in Local 5.[11] Accordingly, Counts III and IV should be dismissed.

## VI.     THE FAC FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

---

[10] Ohio Rev. Code §4112.02(C) provides that "[i]t shall be an unlawful discriminatory practice"

> (C) For any labor organization to do any of the following:
> (1) Limit or classify its membership on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry;
> (2) Discriminate against, limit the employment opportunities of, or otherwise adversely affect the employment status, wages, hours, or employment conditions of any person as an employee because of race, color, religion, sex, military status, national origin, disability, age, or ancestry.

[11] The Ohio Supreme Court has held that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) *et seq.,* Title 42, U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.*, 61 Ohio St. 3d 607, 609-10, 575 N.E.2d 1164, 1167 (1991). Accordingly, as discussed in Part I of this memorandum, a plaintiff suing a labor organization as an employer cannot evade the statutory requirements for employer liability by alleging that the defendant is a labor organization. *See Warnsley v. Toledo Bd. of Edn.*, Lucas App. No. L–10–1219, 2011-Ohio-3134, ¶ 47 (labor organization not liable pursuant to Section 4112.02(A) unless plaintiff proves that labor organization is an "employer").

The three elements of an intentional infliction of emotional distress claim are:

(1) That the defendant intended to cause the plaintiff serious emotional distress,
(2) That the defendant's conduct was extreme and outrageous, and
(3) That the defendants conduct was the proximate cause of the plaintiff's serious emotional distress."

*Mikan v. Arbors at Fairlawn Care, L.L.C.*, No. 5:15 CV 250, 2015 WL 5604666, at *3 (N.D. Ohio Sept. 23, 2015). "Liability can only be found where conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

Plaintiffs in discrimination cases cannot state a claim for intentional infliction of emotional distress ("IIED") by reciting the elements of the claim without alleging specific facts establishing each element. In *Anders v. Dolgencorp, LLC*, No. 5:11 CV 2098, 2011 WL 6338837 (N.D. Ohio Dec. 19, 2011), the court found that allegations that only "parrot[s] the bare elements of a claim of IIEB" is legally insufficient and subject to Rule 12(b)(6) dismissal. "This is precisely the type of pleading that *Twombly* and *Iqbal* addressed as insufficient. This complaint provides no additional facts to support the IIED claim." Id. at 3. "[A]n employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 375–76 (6th Cir.1999).[12]

Paragraphs 92 through 95 of the FAC are as bare bones allegations as can be imagined.

---

[12] *See Harris v. Pentair Flow Techs., LLC*, No. 1:19-CV-2180, 2020 WL 2558028, at *7 (N.D. Ohio May 20, 2020) ("Harris cannot sustain an IIED claim by merely alleging that the facts underlying his age discrimination claims were done intentionally"); *Booker v. Coca-Cola Bottling Co.*, No. 1:19-CV-2623, 2020 WL 1322831, at *3 (N.D. Ohio Mar. 20, 2020) ("[w]hile Booker recites several of these elements, he does not provide a single fact to suggest that Coca-Cola - or any defendant - intended to cause him serious emotional distress"); *Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 870-71 (N.D. Ohio 2013). *See also Braun v. Ultimate Jetcharters, Inc.*, No. 5:12CV1635, 2013 WL 623495, at *12 (N.D. Ohio Feb. 19, 2013), *aff'd sub nom. Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501 (6th Cir. 2016).

(FAC ¶¶92-95, Doc. 10). The allegations include no facts at all and simply parrot the elements of

the tort. Accordingly, Count VI should be dismissed for failure to state a claim.

VII.    ALTERNATIVELY, SHOULD THE COURT DISMISS THE FEDERAL CLAIMS
        AND NOT WISH TO RESOLVE THE STATE LAW CLAIMS, THE COURT
        SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
        PLAINTIFF'S STATE LAW CLAIMS.

28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise

supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all

claims over which it has original jurisdiction." The court's decision to exercise supplemental

jurisdiction depends on "judicial economy, convenience, fairness, and comity." *Blakely v. United*

*States*, 276 F.3d 853, 863 (6th Cir. 2002).

There is no diversity between the parties, and, therefore, no basis for this Court to

exercise original jurisdiction once the federal claims are dismissed. Accordingly, this Court has

discretion to dismiss the state claims and allow them to be considered, if at all, in the state courts.

## CONCLUSION

For the reasons set forth hereinabove, Defendant's Motion to Dismiss should be granted.

Respectfully submitted,

GOLDSTEIN GRAGEL LLC

/s/ Richard L. Stoper, Jr.
Joyce Goldstein, Esq. (OH #0029467)
*jgoldstein@ggcounsel.com*
Richard L. Stoper, Jr. (OH #0015208)
*rstoper@ggcounsel.com*
1111 Superior Avenue E., Suite 620
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559 (fax)

Attorneys for Defendant Bricklayers AFL-
CIO Local Union 5

15

## CERTIFICATE OF  COMPLIANCE

I hereby certify that this case is not assigned to any track, and that this brief complies

with the 20-page limitation for unassigned cases set forth in Local Rule 7.1(f).

/s/ Richard L. Stoper, Jr.
RICHARD L. STOPER, JR.

Attorney for Defendant Bricklayers AFL-CIO
Local Union 5

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I electronically filed the foregoing using the

ECF system, which will send notification of such filing by operation of the Court's electronic

systems.  Parties may access this filing via the Court's electronic system.

/s/ Richard L. Stoper, Jr.
RICHARD L. STOPER, JR.

Attorney for Defendant Bricklayers AFL-CIO
Local Union 5
